UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH T. STAKEY,<br><br>                    Plaintiff,<br><br>      v.<br><br>DEPUTY KYLE O'BRIEN,<br><br>                    Defendant. | Case No. 1:22-cv-00513-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se and in forma pauperis in this civil rights action. The Court previously described Plaintiff's allegations as follows:

> Plaintiff is hearing impaired and has a speech impediment. He claims that Defendant O'Brien, a deputy with the Custer County Sheriff's Department, used excessive force against him during the course of his arrest.… Plaintiff also alleges that the Custer County Sheriff's Department does not provide adequate training to its deputies regarding use of force and dealing with people with disabilities.
>
> …
>
> Plaintiff asserts (1) claims under 42 U.S.C. § 1983, the federal civil rights statute; (2) claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.; and (3) Idaho state law claims [of assault and battery].

(*Init. Rev. Order*, Dkt. 9, at 3–4) (citations omitted).

On May 3, 2023, the Court issued an Initial Review Order, allowing Plaintiff to proceed on his Section 1983 claims of excessive force, as well as his state law claims, against Defendant O'Brien. All other claims against all other Defendants were dismissed. (*Id*. at 13.)

Plaintiff has now filed a Motion for Leave to File an Amended Complaint. (Dkt. 21.) The proposed amended complaint includes Plaintiff's excessive force and Idaho state law claims against Defendant O'Brien, but it also reasserts claims that the Court previously dismissed. Specifically, the proposed amendment realleges that the Custer County Sheriff's Department is liable for O'Brien's conduct and that both the Sheriff's Department and O'Brien violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (Dkt. 21-1 at 12–13.) The proposed amendment complaint also asserts claims of false arrest and false imprisonment against Defendant O'Brien. (*Id*. at 13.)

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order granting in part Plaintiff's Motion for Leave to File an Amended Complaint.

## 1.     Standards of Law

In considering whether Plaintiff should be allowed to amend his complaint and in reviewing the proposed amendment, the Court has applied the screening requirements of 28 U.S.C. §§ 1915 and 1915A, as well as the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the standards for amendment under Rule 15.

The Court is required to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Review of a complaint under § 1915A is akin to a review following a motion to dismiss—the Court applies Rule 8 pleading standards, as well as Rule 12(b)(6) standards, to determine whether the complaint fails to state a claim for relief. *See Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Mitchell v. South Carolina*, 2012 WL 786349, at *4 n.5 (D.S.C. Feb. 27, 2012) *report and recommendation adopted*, No. CA 3:12-153-CMC-PJG, 2012 WL 786345 (D.S.C. Mar. 9, 2012) *aff'd sub nom. Mitchell v. South Carolina*, 474 F. App'x 298 (4th Cir. 2012).

A complaint fails to state a claim for relief under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although the Rules "do[] not require detailed factual allegations, … [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has

not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. The courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se prisoners so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights

suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone justifies denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

**2.    Discussion**

For the reasons that follow, Plaintiff will be permitted to proceed on some of the claims in his proposed amended complaint.

### A.    *Excessive Force Claims and Related Idaho State Law Claims*

Like the initial complaint, Plaintiff's proposed amendment states plausible excessive force claims under 42 U.S.C. § 1983, as well as plausible state law assault and battery claims, against Defendant O'Brien. However, Plaintiff still has not plausibly alleged that the Custer County Sheriff's Department is liable under Section 1983.

The Court previously explained that claims against a county must assert that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Here, Plaintiff alleges that Deputy O'Brien engaged in excessive force in *violation* of department policy, not in conformity with it. Further, Plaintiff has not alleged a pattern of violations sufficient to plausibly suggest that the Sheriff's Department did not adequately train O'Brien on the use of force. *See Connick v. Thompson*, 563 U.S. 51, 72 (2011). Therefore, Plaintiff will not be permitted to proceed on his excessive force claims against the Custer County Sheriff's Department.

### B.      ADA and RA Claims

The Court previously dismissed Plaintiff's ADA and RA claims because, although Plaintiff is disabled, he did not plausibly allege that he was discriminated against *on* account of that disability, as required by the ADA and RA. (*Init. Rev. Order* at 9.) The proposed amended complaint includes more factual allegations to support that Defendant O'Brien was aware of Plaintiff's disability before the arrest, but this still does not plausibly suggest that O'Brien used excessive force against Plaintiff *because* Plaintiff is disabled.

Moreover, a plaintiff asserting an ADA or RA claim must allege that, by reason of his disability, he was denied the benefits of a public entity's "services, programs, or activities." 42 U.S.C. § 12132. Because plaintiff has not identified a service, program, or activity of a governmental entity outside of or in addition to his claim of excessive force during his arrest, Plaintiff may not proceed on his ADA and RA claims.

### C.      False Arrest and Imprisonment Claims

Finally, Plaintiff asserts claims of false arrest and false imprisonment. (Dkt. 21-1 at 13.) False arrest claims are analyzed under the Fourth Amendment, which "prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

When a detention occurs as the result of a false arrest, a false imprisonment claim arises under the Fourteenth Amendment protection against deprivations of liberty without due process. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979). Under Section 1983, a plaintiff must meet the elements of common law false imprisonment[1] and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). The plaintiff also needs to show that the persons detaining him were involved in or aware of the wrongful nature of the arrest. *Id.* at 1526–27.

The proposed amended complaint does not state a plausible false arrest or false imprisonment claim. Plaintiff acknowledges that, when Defendant O'Brien performed a Horizontal Gaze Nystagmus ("HGN") test on Plaintiff, he was told he met "all six (6) decision points for arrest" for driving under the influence. (Dkt. 21-1 at 7.) Plaintiff asserts that he told Defendant O'Brien that his difficulty in communicating was due to a hearing and speech impediment—not due to alcohol or drugs—but O'Brien was not required to believe Plaintiff's protestations of innocence. The proposed amendment does not plausibly allege a lack of probable cause to support Plaintiff's arrest. And, because Plaintiff has not stated a false arrest claim, he necessarily cannot state a false imprisonment claim.

---

[1] The elements of common law false imprisonment in Idaho are (1) restraint of the physical liberty of another (2) without legal justification. *Clark v. Alloway*, 170 P.2d 425, 428 (Idaho 1946).

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 21) is
GRANTED IN PART AND DENIED IN PART. Plaintiff may proceed on
the Section 1983 claims of excessive force, as well as state law claims of
assault and battery, against Defendant O'Brien, alleged in the proposed
amended complaint.

2.    To maintain clarity in the record, the Clerk of Court will re-docket the
Amended Complaint (currently Dkt. 21-1) as a separate docket entry.

3.    Defendant O'Brien must respond to the Amended Complaint with 14 days
after entry of this Order.

4.    Plaintiff's Objection to Defendant's Notice of Deposition (Dkt. 27) is
DENIED. Plaintiff has not met the "heavy burden" required to show
Defendant should be prohibited from taking his deposition. *See John v.*
*Core Brace, LLC*, No. 4:20-CV-00071-BLW, 2021 WL 329460, at *4 (D.
Idaho Jan. 29, 2021) (unpublished).

DATED: March 4, 2024

Honorable Candy W. Dale
U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 8